UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRANDON S. LaVERGNE (#424227)**           **CIVIL ACTION NO.**

**VERSUS**                                                            **19-709-SDD-EWD**

**DOUGLAS McDONALD, ET AL.**

## RULING AND ORDER

Before the Court is a Motion to Reinstate Claims and Add Defendant ("Motion")[1] filed by Plaintiff Brandon S. LaVergne ("LaVergne"), who is representing himself and is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. As discussed below, the Motion will be granted in part, and LaVergne's claims regarding solitary confinement and the conditions related thereto, including the lack of available religious services, will be severed and consolidated with *Lavergne v. Stutes*, No. 17-1696 c/w 18-693 (M.D. La.) (hereinafter referred to as "LaVergne I").

### I. Background

LaVergne instituted this action (hereinafter referred to as "Lavergne II") on October 14, 2019 against Douglas McDonald, Michael Vaughn, Darrell Vannoy, Joseph LaMartinaire, Tim Delaney, Paul Smith, Tailor Griffin, Ricky Sharky, Gary Young, Chad Oubre, Jimmy Cruze, Bobbie Rousseau, Corie Mougeot and "Unknown Medic EMT"[2] alleging a host of claims. On

---

[1] R. Doc. 49.
[2] R. Docs. 1-1 & 6.

December 3, 2020, this Court dismissed all of LaVergne's claims except his claims for nominal and punitive damages against McDonald arising from the alleged incident of excessive force occurring on January 10, 2019 and LaVergne's claims for injunctive relief against McDonald, Vannoy, LaMartinaire, Delaney, Cruze, Oubre, and Sharky in their official capacities for denying LaVergne participation in church services.[3]

## II. Law and Analysis

### a. Plaintiff is Entitled to Reinstatement of Some of his Claims

The Court interprets LaVergne's request as a motion for relief from judgment or order brought pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. As described below, LaVergne I was overturned, in part, and some of the claims in LaVergne II were identical to the claims revived in LaVergne I, justifying relief under Rule 60(b)(5). Additionally, the related claims, which, though not effectively overturned, have been sufficiently called into question to justify relief under Rule 60(b)(6).

The portion of LaVergne's claims that were dismissed that have now been directly called into question include LaVergne's claims for monetary and injunctive relief against Vannoy,

---

[3] R. Doc. 17.

Delaney, and LaMartinaire for the imposition[4] and solitary nature of LaVergne's confinement.[5] In dismissing LaVergne's claims regarding the solitary nature of his confinement, the Court relied on the fact that the claims had already been disposed of in LaVergne I. After the ruling in LaVergne II, adopting the report and recommendation, which dismissed the aforementioned claims, was issued in December 2020, the Fifth Circuit reversed, in part, LaVergne I.[6] The Fifth Circuit found that LaVergne's claims against N. Burl Cain and James LeBlanc regarding the imposition of solitary confinement, including the conditions imposed in solitary confinement were not barred by *Heck v. Humphrey*,[7] finding that LaVergne's attacks were "squarely aimed at the condition of solitary confinement," rather than an attack on LaVergne's sentence and plea.[8] The Fifth Circuit revitalized LaVergne's claims in LaVergne I regarding the imposition of solitary confinement and the cruel and unusual nature of solitary confinement along with the related question of whether the various conditions of solitary confinement are cruel and unusual.

Though this Court did not solely rely on LaVergne I in dismissing LaVergne's various complaints regarding the conditions to which he was subjected in solitary confinement, because, as discussed below, nearly identical conditions claims are pending in LaVergne I, it is appropriate to reinstate the conditions claims for consideration with the conditions claims in LaVergne I.[9]

---

[4] The Court is not reinstating LaVergne's claims regarding imposition of solitary confinement as a result of his disciplinary sentences. Rather, it is the question of imposition of solitary confinement for life as a matter of fact for LaVergne and the process that is due, if any, in connection therewith, not the sentencing of LaVergne to solitary confinement for his attempted escape. LaVergne's complaints regarding the disciplinary sentence to solitary confinement were previously dismissed in LaVergne I, and those claims were not revived by the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit,") so they are not reinstated herein. *See* LaVergne I, R. Doc. 95, pp. 12-14; LaVergne II, R. Doc. 15, p. 8.
[5] LaVergne II, R. Docs. 1-1, pp. 21-24; 15, pp. 22-25; & R. Doc. 17.
[6] *LaVergne v. Stutes*, No. 19-30842 (5th Cir. 2021); LaVergne I, R. Doc. 110.
[7] 512 U.S. 477 (1994).
[8] *LaVergne v. Stutes*, No. 19-30842 (5th Cir. 2021); LaVergne I, R. Doc. 110.
[9] Further supporting the Court's decision to reinstate these claims is the fact that, in the backdrop of the decision of this Court in LaVergne II to dismiss the conditions claims, was the presumption that the conditions claims regarding solitary confinement for life were barred by *Heck* because of the ruling in LaVergne I. Thus, to ensure the claims get full and adequate consideration with the notion that the claim regarding solitary confinement itself is not barred by *Heck*, it is appropriate to revive the claims.

Thus, the claims reinstated are as follows: the Due Process concerns arising from being held in solitary confinement, potentially for life;[10] the alleged cruel and unusual nature of solitary confinement; and the alleged cruel and unusual conditions present in solitary confinement.

### b. The Above Claims and Plaintiff's Religious Liberty Claim Will be Severed from LaVergne II and Consolidated with LaVergne I

#### i. Severing of Claims

LaVergne joined, in his original Complaint, nearly innumerable unrelated claims against numerous Defendants. For purposes of conducting the screening required by 28 U.S.C. § 1915A, the Court allowed all claims to proceed. Now, however, the Court has determined, that some claims should have never been joined and that it is in the interest of judicial efficiency to sever some claims from this action and consolidate them with LaVergne I.

Rule 18 of the Federal Rules of Civil Procedure is a broad joinder rule that allows parties to "join as many claims as it has against an opposing party." The official commentary of Rule 18 states, "it is emphasized that amended Rule 18(a) deals only with pleading," and "a claim properly joined as a matter of pleading need not be proceeded with together with the other claims if fairness or convenience justifies separate treatment."[11] Rule 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and" any question of law or fact common to all defendants will arise in the action." Further, under Rules 18(a) and 20, if the claims arise out of the different transactions and do not involve all defendants, joinder

---

[10] In LaVergne I, LaVergne complained regarding his stay in solitary confinement from approximately 2012 through 2017. In LaVergne II, he complained of his stay in solitary confinement currently existing, which began in 2018. *See* LaVergne I, R. Doc. 1, pp. 3-4; LaVergne II, R. Doc. 1-1, pp. 21.

[11] Fed. R. Civ. P. 18: Notes of Advisory Committee of Rule—1966 Amendment.

should not be allowed.[12]  In other words, in a multiparty case, if claim one is against five defendants and claim two is against only one of those defendants, joinder should not be allowed, unless all claims arose out of the same transaction and present common questions; if the claims arise from different transactions and do not involve all defendants, joinder should not be allowed.[13]

After reinstatement of the above claims, the following claims are present in this action: (1) Due Process claims for monetary and injunctive relief with respect to continued imposition of solitary confinement against Vannoy, Delaney, and LaMartinaire; (2) Eighth Amendment claims for injunctive and monetary relief regarding the condition of solitary confinement itself, as well as the conditions related thereto against Vannoy;[14] (3) First Amendment and RLUIPA claims seeking injunctive relief due to the lack of access to religious services in solitary confinement against Vannoy, LaMartinaire, Delaney, Cruze, Oubre, Sharky, and McDonald; and (4) LaVergne's claims for nominal and punitive damages against McDonald for the alleged incident of excessive force occurring on January 10, 2019.  Claims 1, 2 and 3 (hereinafter the "solitary confinement claims," though involving some different Defendants, all arise from LaVergne's stay in solitary confinement and conditions related thereto, including the lack of religious services provided to LaVergne.  Claim 4, on the other hand, involves solely McDonald and arises from a wholly separate transaction—namely, the alleged use of excessive force on January 10, 2019.  Because claim 4 does not involve the defendants involved in the other claims and arises from a separate

---

[12] *Shafer v. Davis*, No. 2:20-CV-167, 2020 WL 6489094, at *5 (S.D. Tex. Nov. 4, 2020) (citing 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990)).
[13] 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1583 (2d ed. 1990).
[14] Though not entirely clear, it appears Vannoy is the only Defendant against whom the conditions claims are directed. R. Doc. 1-1, pp. 22-23.  Further, though not entirely clear what relief is sought by LaVergne, it appears he is seeking monetary and injunctive relief.  R. Doc. 1-1, pp. 20-24.

transaction, it is appropriate to sever this claim from the rest pursuant to Rules 18(a) and 20.[15] Further, as discussed below, it is appropriate to consolidate claims 1, 2, and 3 with LaVergne I.

### ii. Consolidation[16]

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate actions involving a common question of law or fact. The district court has broad discretion in determining whether consolidation is desirable under Rule 42(a).[17] Courts consider several factors in weighing whether to consolidate cases, including (1) whether the actions are pending in the same court; (2) whether the actions involve a common party; (3) whether there are common questions of law or fact; (4) whether consolidation poses risk of prejudice or confusion and, if so, whether that risk is outweighed by the risk of inconsistent adjudications of common factual or legal questions if the cases are tried separately; and (5) whether consolidation will conserve judicial resources by reducing the time and cost of trying the cases separately.[18]

In LaVergne I and LaVergne II, LaVergne complains, in relevant part, that LeBlanc, and the Warden of LSP (Cain in LaVergne I, Vannoy in LaVergne II) have imposed solitary confinement upon him due, at least in part, to their understanding of his plea agreement.[19] Based upon LaVergne's contentions in both suits, it appears that he believes he will be subjected to

---

[15] The Court also notes that prison litigation is unique and to further the purposes of the Prison Litigation Reform Act ("PLRA"), severing unrelated claims, even if involving some related defendants is often warranted because allowing a multitude of unrelated claims to proceed in one action would thwart the purposes of the PLRA. *See Spurlock v. Jones*, No. 16-01031, 2016 WL 7443644, at *1 (W.D. La. Dec. 22, 2016), *judgment entered*, 2016 WL 7447843 (W.D. La. Dec. 22, 2016), and *aff'd*, 709 Fed.Appx. 293 (5th Cir. 2018) (ensuring that unrelated claims against different defendants are brought in separate actions safeguards the required fees in the PLRA and ensures that inmates are given the appropriate strikes under 28 U.S.C. § 1915(g)).
[16] A motion to consolidate is not required; the court may invoke Rule 42(a) *sua sponte*. *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984).
[17] *See Frazier v. Garrison I.S.D.,* 980 F.2d 1514, 1531 (5th Cir.1993).
[18] *Id.* at 1532.
[19] LaVergne has also asked to amend his Complaint to now name Tim Hooper who is the new and present Warden of LSP. The addition of Hooper as a Defendant is being left for decision in LaVergne I.

solitary confinement for life.[20] LaVergne I specifically deals with LaVergne's stay in solitary confinement from 2012 through 2017, and LaVergne II deals with his present stay in solitary confinement, which began in 2018. Though the cases deal with two different time periods, the issues are virtually identical. As illustrated below, six of the eight conditions complained of in LaVergne II are the conditions that LaVergne provided as examples of the conditions of solitary confinement that he alleges subject him to cruel and unusual punishment in LaVergne I.

In LaVergne I, LaVergne provided the following specific examples of conditions in solitary confinement that he argues constitute cruel and unusual punishment: (1) he is restrained any time he leaves the cell; (2) his contact visitation is limited to two visits per month; (3) he only receives 3 hours of outside recreation time per week; (4) he is in his cell 23 hours per day; (5) he does not have free access to computers; (6) he does not have email access and only has limited phone access; and (7) he cannot attend church services.[21] In LaVergne II, LaVergne complained of the following conditions in solitary confinement: (1) he is placed in restraints any time he leaves his cell; (2) he is only allowed two visits per month; (3) he only has recreation three times per week for one hour per day; (4) he is in a single-man cell 23 hours per day; (5) he has no access to emails and is only allowed limited phone calls; (6); he cannot attend church services; (7) he does not have air conditioning; and (8) he is the only inmate in Louisiana not sentenced to death who has been ordered to live at death row.[22]

Considering the above, all factors weigh in favor of consolidation of the solitary confinement claims with LaVergne I. All claims are pending in this court. The solitary

---

[20] *See* LaVergne I, R. Doc. 1, pp. 3-4; LaVergne II, R. Doc. 1-1, p. 24.
[21] LaVergne I, R. Doc. 32, p. 9. The Fifth Circuit specifically references that LaVergne supplemented his claim regarding examples of the conditions to which he is subjected in solitary confinement. This appears to be the conditions to which the Fifth Circuit was referring.
[22] LaVergne II, R. Doc. 1-1, pp. 20-24.

confinement claims herein and those in LaVergne I arise from the fact that LaVergne is in solitary confinement and the conditions related to being in solitary confinement, including the lack of religious services.[23] The actions involve common parties and some common questions of law. Consolidation will certainly conserve judicial resources, as all the issues regarding solitary confinement and the conditions related thereto will be resolved in one action. Further, both actions are in the discovery stage, and neither is particularly advanced compared to the other. There is no apparent risk of prejudice or confusion but, were the actions to be tried separately, there would be a substantial risk of inconsistent adjudication because the Court could reach opposite conclusions on identical questions. Accordingly, consolidating the solitary confinement claims (claims 1, 2, and 3) with LaVergne I is appropriate.

### III. Pending Motions

All pending motions that have been filed in this action that are relevant to the sole remaining claim in this action, *i.e.*, the excessive force claim against McDonald, will be considered in due course and need not be refiled. To the extent those motions request relief related to the claims that are, by this order, severed from this action and consolidated with LaVergne I, the motions will have to be refiled in LaVergne I for consideration therein; this includes all motions regarding discovery related to the issues of solitary confinement, conditions of solitary confinement, and religious liberty violations.

### IV. Order

---

[23] Though it raises First Amendment and RLUIPA concerns, the analysis of these issues is inextricably intertwined with the issues regarding solitary confinement, as the lack of access to religious services must be considered as one of the conditions LaVergne is subjected to in solitary confinement. Indeed, resolution of the solitary confinement issue may render the First Amendment and RLUIPA claims moot. If in LaVergne I it is determined that LaVergne may not simply be held in solitary confinement with no remedy for release, his religious liberty claims may be rendered moot considering that he is only seeking injunctive relief and is only not able to attend religious services because of his heightened confinement.

**IT IS ORDERED** that the Motion to Reinstate Claims and Add Defendant[24] filed by Brandon Scott LaVergne is **GRANTED IN PART, DENIED IN PART, AND DEFERRED IN PART**:[25] the previous Ruling[26] of this Court is **VACATED IN PART** to the extent it dismissed LaVergne's Due Process claims for injunctive and monetary relief regarding LaVergne's stay in solitary confinement against Darrel Vannoy, Tim Delaney, and Joseph LaMartinaire, along with LaVergne's claims for monetary and injunctive relief for the condition of solitary confinement itself, as well as the conditions related thereto directed against Darrel Vannoy,[27] and these claims are hereby **REINSTATED**.

**IT IS FURTHER ORDERED** that the following claims are hereby **SEVERED** from this action and **CONSOLIDATED WITH** *LaVergne v. Stutes*, No. 17-1696 c/w 18-693 (M.D. La.): (1) claims regarding LaVergne's stay in solitary confinement against Darrel Vannoy, Tim Delaney, and Joseph LaMartinaire; (2) claims regarding the condition of solitary confinement itself and the conditions related to solitary confinement against Darrel Vannoy; and (3) LaVergne's claims against Darrel Vannoy, Joseph LaMartinaire, Tim Delaney, Jimmy Cruze, Chad Oubre, Ricky Sharky, and Douglas McDonald arising from the religious liberty violations in solitary confinement.

**IT IS FURTHER ORDERED** that going forward, the parties shall file all motions, memoranda, letters, etc. related to the above severed and consolidated claims in *LaVergne v. Stutes*, No. 17-1696 c/w 18-693 (M.D. La.) and shall file motions, memoranda, letters, etc. related

---

[24] LaVergne II, R. Doc. 49.
[25] Whether to add Tim Hooper as a Defendant is being deferred for a decision in LaVergne I.
[26] LaVergne II, R. Doc. 17.
[27] As noted above, the conditions include the following: (1) he is placed in restraints any time he leaves his cell; (2) he is only allowed two visits per month; (3) he only has recreation three times per week for one hour per day; (4) he is in a single-man cell 23 hours per day; (5) he has no access to emails and is only allowed limited phone calls; (6); he cannot attend church services; (7) he does not have air conditioning; and (8) he is the only inmate in Louisiana not sentenced to death who has been ordered to live at death row. LaVergne II, R. Doc. 1-1, pp. 20-24.

to the January 10, 2019 incident of excessive force in this civil action, *LaVergne v. McDonald*, No. 19-709 (M.D. La); the parties are to ensure that the appropriate docket number is listed on each filing.

**IT IS FURTHER ORDERED** that this matter is referred back to the magistrate judge for further proceedings on the sole remaining claim in this action, *i.e.*, LaVergne's claims for nominal and punitive damages against Douglas McDonald for the alleged incident of excessive force occurring on January 10, 2019.

Signed in Baton Rouge, Louisiana the 29th day of October, 2021.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**