UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON S. LAVERGNE (# 424229)  CIVIL ACTION

VERSUS  NO. 17-1696-JWD-EWD

KEITH STUTES, ET AL.

*Consolidated with:*

BRANDON S. LAVERGNE (# 424229)  CIVIL ACTION

VERSUS  NO. 18-693-JWD-EWD

KEITH STUTES, ET AL.

## ORDER

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel and Return Filing Fee and Motion to Withdraw (R. Docs. 107 and 108).

First, with regards to the plaintiff's request for the appointment of counsel, the *pro se* Plaintiff, an inmate currently confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants complaining that his constitutional rights were violated due to the imposition of an illegal sentence, and due to his classification resulting from the illegal sentence. The Court has the authority to "request" an attorney to represent the plaintiff under 28 U.S.C. § 1915(e)(1), and the extra-statutory authority to order an attorney to do so in rare circumstances. *Naranjo v. Thompson*, 809 F.3d 793, 804 (5th Cir. 2015). A civil rights complainant has no right to the automatic appointment of counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A district court may appoint counsel "if doing so would advance the proper administration of justice," *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989), but appointment of counsel is not required "unless the case presents

exceptional circumstances." *Ulmer*, 691 F.2d at 212. In determining whether exceptional circumstances warrant the appointment of counsel, a district court should consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination. *Id*. at 213.

In the instant case, the Court finds that "exceptional circumstances" requiring the appointment of counsel are not apparent at this time. The issues herein have been narrowed by the Fifth Circuit Court of Appeals (see R. Doc. 110) and are neither factually nor legally complex. No other factors in *Ulmer* are found to require the appointment of counsel. Plaintiff has set out the factual basis for his claims in his Complaint, as amended, and this pleading and others reflect that Plaintiff understands the proceedings and can address the issues presented. The parties are engaged in discovery and the plaintiff can use these materials to cross-examine Defendants and prepare for trial.

Additionally, it does not appear that any great skill will be needed to cross-examine the witnesses in connection with the issues in this case. *Pro se* plaintiffs are given great flexibility in the examination of witnesses, and Plaintiff has adequately presented his case thus far.

Further, to the extent that Plaintiff asserts that he has a limited knowledge of the law, this is true of nearly every prisoner who prosecutes a *pro se* lawsuit. For this reason, *pro se* pleadings are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). This Court is liberal in reviewing the pleadings and motions filed by *pro se* inmates pursuant to § 1983, giving inmates ample opportunity to amend if necessary and granting extensions of time to comply with Court Orders.

Accordingly, in light of the Court's liberal construction of prisoner § 1983 pleadings and motions, coupled with the lack of complexity of the legal issues in this case, together with Plaintiff's apparent ability to litigate this action *pro se*, the Court finds that the appointment of counsel would be of marginal service to the Court in this case and would not significantly assist Plaintiff in the examination of the witnesses or in the sharpening of the issues for trial. Therefore, having considered the factors set forth in *Ulmer*, *supra*, the Court finds that the appointment of counsel is not required or warranted in this case.

Now, considering the plaintiff's Motion to Withdraw (R. Doc. 108), wherein the plaintiff requests to withdraw his request in Record Document 107 for the return of his filing fee, this Motion (R. Doc. 108) will be granted. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Withdraw (R. Doc. 108) is **GRANTED**, and the plaintiff's request for return of his filing fee in Record Document 107 is withdrawn.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (R. Doc. 107) be and is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on <u>March 10, 2022</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**